UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA,

    Plaintiff,                                  Case No. 15-cr-20224

v.                                           Hon. Laurie J. Michelson

LAMARR J. BYTHER,

    Defendant.
_____/

**ORDER ON DEFENDANT'S**
**MOTION FOR BOND [11]**

A search warrant was executed at the residence of Defendant Lamarr Byther on September 25, 2014. Law enforcement personnel recovered three loaded firearms, a bullet proof vest, and approximately $2,000 in cash in Defendant's bedroom. Defendant waived his *Miranda* rights and provided a written statement that "[t]he three handguns found upstairs in my bedroom are mine. They are for protection . . . . I do sell a little bit of marijuana to make ends meet." (Dkt. 14, Govt. Resp., Ex. 5.) Approximately seven months later, on April 15, 2015, Defendant was charged in a one-count Indictment with Felon in Possession of a Firearm. (Dkt. 1.) The Indictment was unsealed on May 18, 2015. Defendant was arraigned that same day and had a detention hearing. Pursuant to the Bail Reform Act, 18 U.S.C. § 3142(f)(1), Magistrate Judge Michael J. Hluchaniuk found that the proffers and arguments made at the hearing established by clear and convincing evidence that no condition or combination of conditions could be imposed to reasonably assure the safety of the community if Defendant was released. More specifically, the Magistrate Judge ruled that "[s]elling drugs and possessing firearms, most probably to protect the drugs or the proceeds of drug sales, is a very dangerous situation and one that commonly results in gun violence." (Dkt. 6.) He further found that "[b]ody armor represents an

unmistakable expectation that the person in possession of it will be involved in violent conduct. While there may be legitimate uses for body armor, a felon in possession of three loaded firearms cannot reasonably claim legitimate use." (*Id*.) Thus, Defendant was ordered detained. (*Id*.)

The matter is presently before the Court on Defendant's Motion for Bond. (Dkt. 11.) The Government responded to the Motion (Dkt. 14) and the Court heard oral argument on June 19, 2015. For the reasons stated below and on the record at the hearing, Defendant's Motion is GRANTED.

I.

The review of detention orders is governed by 18 U.S.C. § 3145(b) which provides, "[i]f a person is ordered detained by a magistrate judge . . . that person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order. The motion shall be determined promptly." The Court reviews the appeal of a detention order *de novo*. *United States v. Leon*, 766 F.2d 77 (2d Cir. 1985); *see also United States v. Koubriti*, 2001 U.S. Dist. LEXIS 19823, 2001 WL 1525270 (E.D. Mich. 2001) (explaining that although the Sixth Circuit has not squarely addressed the issue of the proper standard of review of a magistrate judge's detention order, the majority of the circuits that have considered the issued have ruled that a *de novo* review is appropriate); *United States v. Runnderstand*, No. 08-20119, 2008 U.S. Dist. LEXIS 27377, at *3 (E.D. Mich. Apr. 3, 2008).

"The default position of the law . . . is that a defendant should be released pending trial." *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010). Pursuant to "the Bail Reform Act, 18 U.S.C. § 3142 . . . a defendant may be detained pending trial only if a judicial officer 'finds that no condition or combination of conditions will reasonably assure the appearance of the person as

required and the safety of any other person and the community[.]'" *Id.* (quoting 18 U.S.C. § 3142(e)).

## II.

Pursuant to § 3142(g) of the Bail Reform Act, the Court has considered the following factors in determining whether to release Defendant:

*Nature and Circumstances of the Offense Charged*: During the execution of a search warrant at Defendant's residence on September 25, 2014, police officers recovered three loaded semi-automatic firearms from Defendant's bedroom. Defendant admitted the guns were his, that they were for protection, and that he occasionally sells marijuana to make ends meet. A bullet proof vest was also found in a carrying case in the bedroom. Defendant contends that his cousin, a previous occupant of the residence, is a licensed security guard and the owner of the bullet proof vest. The Government has not been able to verify this information. There is no dispute that the vest remained in a carrying case in Defendant's bedroom while the cousin has been on assignment in Georgia. Given Defendant's prior felony convictions—possession of less than 25 grams of cocaine in 1988, delivery and manufacture of cocaine less than 50 grams in 1992, and carrying a concealed weapon in 1997—he is charged with one count of felon in possession of a firearm.

*Weight of the Evidence Against Defendant* (regarding dangerousness): Because of Defendant's criminal history, he is not legally permitted to possess a firearm. And yet he had three loaded semi-automatic weapons and a bullet proof vest in his bedroom. The Court agrees with Magistrate Judge Hluchaniuk that "firearms with chambered rounds represent an intention to use the firearms quickly which evidences a more than normal expectation that the firearm will be needed" and "[s]elling drugs and possessing firearms, most probably to protect the drugs or

the proceeds of drug sales, is a very dangerous situation and one that commonly results in gun violence." (Dkt. 6.) Thus, the circumstances surrounding Defendant's alleged prohibited possession of firearms is evidence of dangerousness.

*History and Characteristics of Defendant*: Defendant is a 46-year-old lifelong resident of Flint, Michigan. He is the father of six, including a four-month-old daughter. He reports a close relationship with his mother, siblings, children, and significant other. He has some education and was recently employed as a manager of a car wash. While Defendant does not appear to have any significant physical or mental health problems, he is a regular marijuana user. As mentioned, he has three prior convictions, but they are more than 18 years old. There is no indication of any prior probation violations.

*Court Supervision*: at the time of the current offense, defendant was not on probation, parole, or any other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law.

*Nature and Seriousness of Danger to Any Person or Community Posed by Defendant's Release*: The Government is not contending that Defendant is a risk of non-appearance. Its argument for detention is that the underlying offense makes Defendant a danger to the community. It is true that the possession of firearms by convicted felons poses a danger to the community. *See United States v. Ervin*, No. 09-00336, 2010 U.S. Dist. LEXIS 85395, *11 (W.D. Penn. Aug. 19, 2010) (noting, in analyzing this factor, that "various courts have commented on the substantial risks created when felons possess firearms . . . .")

But the ultimate bond issue is whether any condition or combination of conditions can be imposed pending trial that will reasonably assure the safety of any person and the community. In making this determination, the Court considers it significant that Defendant was not arrested

following the execution of the search warrant and remained in the community for nearly eight months without incident. The Government could not proffer that Defendant engaged in any illegal conduct during this time. The most dangerous offense characteristics—the firearms, ammunition, bullet proof vest, and drug paraphernalia—have all been seized and removed from Defendant's residence, further reducing the risk of danger posed by the Defendant. Since the execution of the search warrant, Defendant's girlfriend had a baby girl who is also now residing in the residence. Whatever the reason for the delay in the Indictment, Defendant's conduct during this time period provides relevant evidence in assessing the nature of the danger he poses. And the fact that he has been in the community for eight months without incident is evidence that the safety of the community can be reasonably assured without detaining Defendant.

III.

As noted, the default position of the law is that a defendant should be released pending trial. Having analyzed the relevant § 3142(g) factors, and especially considering that the Government did not seek Defendant's detention until nearly eight months after the execution of the search warrant, the Court finds, based upon the information submitted at the detention and bond review hearings and supporting briefing, that the Government has not met its burden of establishing by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of any other person and the community if Defendant is released.

Accordingly, IT IS HEREBY ORDERED that Defendant's Motion for Review of Bond Denial is GRANTED and Defendant is released on the ordered bond conditions.

SO ORDERED.

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE

Dated: June 19, 2015

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on June 19, 2015.

s/Amanda Chubb for Jane Johnson
Case Manager to
Honorable Laurie J. Michelson